UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Alexis Alegria,

    Petitioner

v.

Nevada Attorney General, et al.,

    Respondents

Case No. 2:24-cv-01868-CDS-NJK

**Scheduling Order**

In an order entered on October 24, 2024, the Court appointed counsel for petitioner Alexis Alegria. ECF No. 3. The Federal Public Defender for the District of Nevada appeared on Alegria's behalf on November 25, 2024. ECF No. 6. Respondents have also appeared. ECF No. 5. It is therefore ordered that the following schedule will govern further proceedings in this action:

Petitioner has until January 13, 2025, to either pay the $5 filing fee for this action or to file a new application to proceed *in forma pauperis.*

If necessary, petitioner must file an amended petition for writ of habeas corpus by February 27, 2025. The amended petition must specifically state whether each ground for relief has been exhausted in state court; for each claim that has been exhausted in state court, the amended petition must state how, when, and where that occurred. If petitioner determines that an amended petition need not be filed, then, by February 27, 2025, petitioner must file a notice to that effect.

Respondents will have 60 days following the filing of the amended petition to file an answer or other response to the amended petition. If petitioner does not file an amended petition, respondents will have 60 days following the due date for the amended petition to file an answer or other response to the original petition.

Petitioner will have 45 days following the filing of an answer to file a reply. Respondents will thereafter have 30 days following the filing of a reply to file a response to the reply.

If respondents file a motion to dismiss, petitioner will have 60 days following the filing of the motion to file a response to the motion. Respondents will thereafter have 30 days following the filing of the response to file a reply.

If petitioner wishes to move for leave to conduct discovery, petitioner must file such motion concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any motion for leave to conduct discovery filed by petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents must file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply. Thereafter, petitioner will have 20 days to file a reply in support of the motion for leave to conduct discovery.

If petitioner wishes to request an evidentiary hearing, petitioner must file such motion concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any motion for an evidentiary hearing filed by petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If petitioner files a motion for an evidentiary hearing, respondents must file a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply. Thereafter, petitioner will have 20 days to file a reply in support of the motion for an evidentiary hearing.

Dated: November 27, 2024

_____
Cristina D. Silva
United States District Judge