UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Alexis Alegria, | Case No. 2:24-cv-01868-CDS-NJK |
| Petitioner | **Order Granting Petitioner's Motion to File Exhibit Under Seal and Petitioner's Motion for Leave to File Second Amended Petition** |
| v. | |
| William Reubart, et al., | |
| Respondents | [ECF Nos. 19, 21] |

In this habeas corpus action, the petitioner, Alexis Alegria, who is represented by appointed counsel, filed a first amended habeas petition on September 18, 2025. ECF No. 17. Alegria also filed a motion for leave to file a second amended habeas petition (ECF No. 21) and a motion for leave to file exhibits under seal (ECF No. 19). Respondents filed a response to the motion for leave to file a second amended habeas petition (ECF No. 22), but did not respond to the motion for leave to file exhibits under seal. I grant both motions.

In the motion for leave to file a second amended petition, Alegria states that she filed the first amended petition as a protective petition, believing that the applicable limitations period expired on or about September 19, 2025. ECF No. 21 at 3. Alegria states that she wishes to file a second amended petition after she completes her investigation. *Id.* at 3–4. She requests waiver of Local Rule LR 15-1(c), which generally requires a proposed amended pleading to be attached to the motion for leave to file it; she explains that rule should not apply here, where the point of her motion is to allow her to complete her investigation before further amending her petition. *Id.* at 4.

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading with leave of court, and "[t]he court should freely give leave when justice so requires." Courts are to apply the "policy of favoring amendments … with 'extreme liberality.'" *United States v. Webb*, 655 F. 2d 977, 979 (9th Cir. 1981) (citing *Rosenberg Brothers & Co. v. Arnold*, 283 F.2d 406 (9th Cir. 1960) (per curiam)). In deciding whether to grant leave to amend a pleading, a court may consider factors

such as "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995)).

In their response to the motion for leave to amend, the respondents argue that I should deny Alegria's motion to amend and set a deadline for Alegria to file another motion for leave to amend, with the proposed second amended petition attached, instead of granting Alegria leave to amend now without seeing the proposed amended petition. ECF No. 22. Respondents argue that such a procedure would allow the Court to weed out procedurally futile or meritless claims on a motion for leave to amend, instead of having to address such claims on a motion to dismiss or after briefing of the merits of the claims. *Id.* I disagree. Applying the policy of favoring amendment of pleadings, I will waive application of LR 15-1(c), grant Alegria leave to amend, and set a deadline for the second amended petition. The parties' arguments regarding the procedural viability and/or merits of the claims in the second amended petition will be just as well, or better, addressed on a motion to dismiss or after briefing of the merits of the claims. Respondents do not show bad faith or undue delay on Alegria's part; nor do the respondents show that they will be prejudiced in any manner if this procedure is followed.

In granting leave for Alegria to file a second amended petition, or in setting or extending any deadline for any amended petition, I do not intend to make any comment on, or affect in any way, the operation of any statute of limitations applicable to this case.

In the motion for leave to file exhibits under seal, Alegria requests leave of court to file under seal exhibits containing competency evaluations and other medical and mental health records. ECF No. 19; *see also* ECF Nos. 20-1, 20-2, 20-3, 20-4 (exhibits in question, filed under seal on September 18, 2025). While there is a strong presumption in favor of public access to judicial filings, and while courts prefer that the public retain access them, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), a court may seal its records if a party demonstrates "compelling reasons" to do so. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). In general, "compelling reasons" exist where the records could be used for improper purposes. *Id.* at 1179 (citing *Nixon*, 435

U.S. at 598). I find that there are compelling reasons for the exhibits in question to be filed under seal, and I will grant Alegria's motion.

I therefore order that the petitioner's motion for leave to file exhibits under seal **[ECF No. 19] is GRANTED**. The exhibits in question have already been filed under seal (at ECF Nos. 20-1, 20-2, 20-3, 20-4), so the Clerk of Court is kindly directed to maintain the seal.

I further order that the petitioner's motion for leave to file second amended petition **[ECF No. 21] is GRANTED**. Petitioner will have until and including **December 19, 2025**, to file a second amended habeas petition. In all other respects, the schedule for further proceedings set forth in the order entered November 27, 2024 (ECF No. 7) remains in effect.

Dated: October 14, 2025

_____
Cristina D. Silva
United States District Judge

3