UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Alexis Alegria,

     Petitioner

v.

William Reubart, et al.,

     Respondents

Case No. 2:24-cv-01868-CDS-NJK

**Order Granting Motion for Leave to File Exhibit Under Seal**

[ECF No. 35]

In this habeas corpus action, the respondents filed a motion to dismiss on March 30, 2026. ECF No. 37. The petitioner, Alexis Alegria, who is represented by appointed counsel, is scheduled to respond to the motion to dismiss by May 29. *See* ECF No. 7 (60 days for response to motion to dismiss).

Also on March 30, the respondents filed a motion requesting leave of court to file an exhibit—a presentence investigation report—under seal. ECF No. 35. Alegria did not respond to that motion. While there is a strong presumption in favor of public access to judicial filings, and while courts prefer that the public retain access them, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), a court may seal its records if a party demonstrates "compelling reasons" to do so. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). In general, "compelling reasons" exist where the records could be used for improper purposes. *Id*. at 1179 (citing *Nixon*, 435 U.S. at 598). Under Nevada law, presentence investigation reports are confidential, and are not to be made part of a public record. *See* NRS 176.156(5). In view of the state law and considering the nature of the information in the exhibit in question, I find that there are compelling reasons for it to be filed under seal.

I therefore order that the respondents' motion for leave to file the exhibit under seal [ECF No. 35] is GRANTED. The exhibit in question has already been filed under seal (ECF No. 36); the Clerk of Court is kindly directed to maintain the seal.

Dated: April 20, 2026

_____
Cristina D. Silva
United States District Judge